COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

RALPH WELDON WARD, JR.

v.   Record No. 1430-96-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
TIDEWATER SAND COMPANY                        NOVEMBER 26, 1996
AND
AMERICAN INSURANCE COMPANY

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Ralph Ward, Jr., pro se, on brief).

                (Joseph C. Veith, III; Montedonico, Hamilton &
                Altman, on brief), for appellees.


        Ralph Weldon Ward, Jr. contends that the Workers'
Compensation Commission erred in finding that he failed to prove
that (1) he was totally disabled from any gainful employment
after March 7, 1995; and (2) he made a good faith effort to
market his residual capacity after March 7, 1995.  Upon reviewing
the record and the briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
"General principles of workman's compensation law provide that
'[i]n an application for review of any award on the ground of

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that Ward's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

I.

It is well settled that credibility determinations are within the fact finder's exclusive purview.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Based upon Ward's inconsistent behavior and unresponsive and evasive manner of answering employer's clearly formulated and relevant questions during the hearing, the deputy commissioner found Ward was not a credible witness.  The full commission agreed with and adopted the deputy commissioner's credibility determination.  Based upon this record, the commission, as fact finder, was free to reject Ward's testimony concerning the extent of his disability.  This Court will not substitute its judgment for that of the trier of fact, which had the opportunity to observe the witnesses and evaluate their credibility.  Id. at 382, 363 S.E.2d at 437.

On March 7, 1995, Dr. Sidney S. Loxley, Ward's treating

2

orthopedic surgeon, opined as follows:

> [Mr. Ward] remains significantly symptomatic. He has tried on several occasions to engage in various vocational activities but he is unfitted by training, education, or experience for anything except laboring type work. His back and lumbosacral nerve plexus do not tolerate laboring type activities.
>
>     \*      \*      \*      \*      \*      \*      \*
>
> It is no longer possible for Mr. Ward to engage in laboring type activities or significant physical exertion. Therefore, I believe he is 100% disabled and merits a permanent physical impairment rating of 100%.

The commission held that Dr. Loxley's opinion did not establish that Ward was totally disabled from performing all types of gainful employment. In so ruling, the commission found as follows:

> Dr. Loxley . . . asserted that [Ward] by virtue of his training, education and experience is unfit for anything but heavy labor. The Deputy Commissioner correctly noted that was an opinion that might be entertained from a vocational expert, but there is no evidence that it is one Dr. Loxley is qualified to render. We do not accept the physician's apparent presumptions that untrained and cognitively disadvantaged workers may be employed only as laborers, since such an opinion without evidentiary foundation is not within the medical expertise of the physician and flies in the face of human experience.
>
> The totality of the medical evidence shows that [Ward's] occupational back injury was aggravated by continuing work with the City of Chesapeake, which demonstrates that such work was unsuitable. However, the medical evidence also establishes that the claimant's symptoms improved with medication and avoidance of such work.

3

The commission's findings are supported by the medical evidence, which "is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Based upon the commission's credibility determination and the lack of medical evidence establishing that Ward's March 1989 compensable back injury prevented him from performing all types of gainful employment, we cannot say as a matter of law that Ward's evidence sustained his burden of proving total disability. At best, Ward's evidence proved partial disability.

## II.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). Because Ward stipulated before the commission that he engaged in no marketing efforts after leaving his job with the City of Chesapeake, we cannot find that the commission erred in denying his claim for compensation benefits.

For these reasons, we affirm the commission's decision.

Affirmed.

4